1

2

3

4

5               UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7   RAY SCOTT, | NO:  13-CV-0162-TOR |
| 8             Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| 9      v. | |
| 10  CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| 11  Administration, | |
| 12           Defendant. | |

13

14       BEFORE THE COURT are the parties' cross-motions for summary

15 judgment (ECF Nos. 18 and 19) and Plaintiff's reply memorandum (ECF No. 20).

16 Plaintiff is represented by Dana Chris Madsen.  Defendant is represented by

17 Franco L. Becia.  This matter was submitted for consideration without oral

18 argument.  The Court has reviewed the administrative record and the parties'

19 completed briefing and is fully informed.  For the reasons discussed below, the

20 Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

1   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2   Commissioner must find that the claimant is not disabled.  20 C.F.R.

3   §§ 404.1520(b), 416.920(b).

4          If the claimant is not engaged in substantial gainful activities, the analysis

5   proceeds to step two.  At this step, the Commissioner considers the severity of the

6   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

7   claimant suffers from "any impairment or combination of impairments which

8   significantly limits [his or her] physical or mental ability to do basic work

9   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  *Id.*

12         At step three, the Commissioner compares the claimant's impairment to

13  several impairments recognized by the Commissioner to be so severe as to

14  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

15  §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe as or more

16  severe than one of the enumerated impairments the Commissioner must find the

17  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

18         If the severity of the claimant's impairment does meet or exceed the severity

19  of the enumerated impairments, the Commissioner must pause to assess the

20  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R.

3    §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of

4    the analysis.

5        At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12       At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

18   §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to

19   other work, the analysis concludes with a finding that the claimant is disabled and

20   is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3  the analysis proceeds to step five, the burden shifts to the Commissioner to

4  establish that (1) the claimant is capable of performing other work; and (2) such

5  work "exists in significant numbers in the national economy."  20 C.F.R.

6  §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir.

7  2012).

8                                **ALJ'S FINDINGS**

9    Plaintiff filed applications for disability insurance benefits and supplemental

10  security income disability benefits on June 28, 2010, alleging an onset date of

11  December 25, 2004.  Tr. 197–207.  His claims were denied initially and on

12  reconsideration.  Tr. 122–28, 131–34.  Plaintiff appeared for a hearing before an

13  Administrative Law Judge on May 24, 2012.  Tr. 39–85.  The ALJ issued a

14  decision on June 7, 2012, finding that Plaintiff was not disabled under the Act.  Tr.

15  20–33.

16    Plaintiff had filed previous applications for disability insurance benefits on

17  October 28, 2008.  Tr. 93.  Those applications were also denied initially and on

18  reconsideration.  *Id*.  An ALJ issued a decision adverse to Plaintiff on December

19  18, 2009.  Tr. 93–108.  That decision was affirmed by the U.S. District Court for

20  the Eastern District of Washington.  *See Scott v. Colvin*, No. CV-11-417-JPH, 2013

WL 2295668 (E.D. Wash. May 24, 2013).  Accordingly, in the claims *sub judice*, the ALJ properly concluded that she was estopped from considering whether Plaintiff was disabled for the period covered by Plaintiff's previous applications. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  Thus, the ALJ's decision examined solely whether Plaintiff was disabled as of December 19, 2009, the day after his previous claims were denied at the hearing level.  Plaintiff does not contend this time frame was erroneously imposed.[1]

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 19, 2009.  Tr. 23.  At step two, the ALJ found that Plaintiff had severe impairments, Tr. 23, but at step three, the ALJ found that these impairments did not medically meet or exceed a listed impairment.  Tr. 24–27.

///

---

[1] Plaintiff does object to the Defendant's argument that the ALJ was estopped from considering any medical reports created before December 19, 2009.  The ALJ included and weighed these medical reports in her decision.  *See, e.g.*, Tr. 26 (discussing Dr. John Arnold's November 2009 opinion).  Because the Court concludes that the ALJ properly weighed all the medical evidence in this case, including that from prior to December 2009, in reaching her decision to deny benefits, the Court does not need to reach the issue of whether the ALJ should have been estopped from considering the earlier medical reports.

1    The ALJ then determined that Plaintiff had the RFC to:

2        perform light work as defined in 20 CPR 404.1567(b) and 416.967(b)
3        except he can frequently balance, kneel, crouch, and crawl,
         occasionally stoop and climb ramps or stairs, and never climb ladders,
         ropes, or scaffolds; he can occasionally handle, finger, and reach
4        overhead with his left upper extremity; he should avoid concentrated
         exposure to respiratory irritants and hazards; he can understand,
5        remember, and complete simple, routine, repetitive tasks and well-
         learned detailed tasks; he can maintain attention and concentration on
6        these tasks for the two-hour intervals generally required between
         regularly scheduled breaks; he can make routine judgments and
7        decisions; he should not be required to engage in a production-rate
         pace but could perform work that involved meeting specific goals; he
8        should not have interaction with the general public but could have
         superficial (non-cooperative) interaction with co-workers and
9        supervisors; his work should involve things rather than people; he
         would require additional time to adapt to changes in the work routine;
10       and he could maintain a regular schedule with consistent attendance.

11   Tr. 27.  At step four, the ALJ found that Plaintiff was capable of performing past

12   relevant work as a security guard and housekeeping cleaner.  Tr. 32.  Having

13   determined Plaintiff was not disabled under step four, the ALJ did not proceed to

14   step five, and denied his claims.  Tr. 33.

15        On June 20, 2012, Plaintiff requested review of the ALJ's decision by the

16   Appeals Council.  Tr. 14.  The Appeals Council denied Plaintiff's request for

17   review on April 18, 2013, making the ALJ's decision the Commissioner's final

18   decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484,

19   and 422.210.

20   ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying his disability insurance benefits and supplemental security income disability benefits under Title II and Title XVI of the Social Security Act. Plaintiff has identified two issues for review:

> 1. Whether the ALJ properly evaluated and weighed the medical opinions of Dr. Mirko Zugec, Dr. John Arnold, and Dr. W. Scott Mabee; and

> 2. Whether the ALJ's conclusion of Plaintiff's RFC was supported by substantial evidence.

**DISCUSSION**

**A. Medical Opinions**

Plaintiff contends that the ALJ improperly rejected the opinions of treating physician, Dr. Zugec, and examining physician, Dr. Arnold, and that the ALJ did not address the opinions of examining physician, Dr. Mabee. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted) (brackets in original). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing

1   physician's.  *Id.*  In addition, the regulations give more weight to opinions that are

2   explained than to those that are not, and to the opinions of specialists concerning

3   matters relating to their specialty over that of nonspecialists.  *Id.*  (citations

4   omitted).  A physician's opinion may be entitled to little if any weight, when it is

5   an opinion on a matter not related to her or his area of specialization.  *Id.* at 1203,

6   n.2 (citation omitted).

7        A treating physician's opinions are entitled to substantial weight in social

8   security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

9   (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an

10  ALJ may reject it only by offering "clear and convincing reasons that are supported

11  by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

12  2005).  "If a treating or examining doctor's opinion is contradicted by another

13  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

14  reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81

15  F.3d 821, 830-31 (9th Cir. 1995)).  However, the ALJ need not accept a

16  physician's opinion that is "brief, conclusory and inadequately supported by

17  clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  An

18  ALJ may also reject a treating physician's opinion which is "based to a large extent

19  on a claimant's self-reports that have been properly discounted as incredible."

20

1   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation

2   and citation omitted).

3   **<u>Dr. Zugec</u>**

4          Plaintiff contends that the ALJ did not properly consider nor reject the

5   opinion of Plaintiff's treating physician, Dr. Zugec.  Specifically, Plaintiff

6   contends that the ALJ relied exclusively on the opinions of non-treating, non-

7   examining medical experts.  However, a review of the ALJ decision indicates the

8   ALJ did consider, and accepted the majority of, the opinions of Dr. Zugec.  The

9   ALJ accepted Dr. Zugec's diagnosis of several severe impairments including HIV,

10  hip pain, carpal tunnel, and chronic bronchitis.

11         Plaintiff relies heavily on a September 19, 2008 opinion, in which Dr. Zugec

12  concluded that Plaintiff was severely limited in his work capacity and could not

13  stand or walk longer than ten minutes.  Tr. 578.  That report specifically noted that

14  Plaintiff's HIV was a mild impairment on his ability to work, his depression was a

15  moderate impairment, and his claimed avascular necrosis was a marked

16  impairment.  The ALJ concluded that there was insufficient evidence to conclude

17  that Plaintiff had avascular necrosis.[2]  The ALJ did conclude that Plaintiff suffered

18  _____
    [2] The ALJ gave no weight to Dr. Zugec's statement that it was "possible and

19  probable" that Plaintiff had avascular necrosis.  No MRI was produced to

20  effectively diagnose the disorder.  Dr. Zugec was himself unsure whether Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

from depression, but noted that follow up reports by Dr. Zugec indicated that

Plaintiff's depression was more frustration that Plaintiff had not been successful in

obtaining disability benefits.  Tr. 31, 535.  The ALJ also noted a number of

occasions where Plaintiff told Dr. Zugec he refused to take his HIV medications in

protest of being denied benefits, and Dr. Zugec commented that "the main reason"

for Plaintiff's depression was situational and based on Plaintiff's claim for

disability being denied.  Tr.  31, 544.

To the extent that Dr. Zugec's 2008 opinion conflicts with more recent

opinions made by other experts examining Plaintiff's mental health, the ALJ need

only have given specific and legitimate reasons, supported by substantial evidence,

to reject the older opinion.  *Bayless*, 427 F.3d at 1216.  The ALJ considered and

assigned weight to the reports of Martha Nelson, Dr. Beth Fitterer, and Dr. James

Bailey that Plaintiff could complete simple routine tasks while working away from

the public.  The ALJ also considered and gave weight to Dr. Mabee's April 2011

evaluation of Plaintiff in which he concluded that plaintiff could perform simple

work-related tasks.  Finally, the ALJ considered and gave weight to the hearing

testimony of psychological expert Dr. Joseph Cools in which he concluded that

had the ailment and the ALJ concluded that the objective evidence in the record

did not support any avascular necrosis.  Plaintiff has raised no challenge to this

finding.

1  Plaintiff's depression was "moderate at worst" and would not interfere with

2  simple, routine, and repetitive work tasks.  The ALJ's decision demonstrates that

3  she balanced Dr. Zugec's 2008 opinion that Plaintiff was severely limited by his

4  depression and avascular necrosis against the countervailing opinions, and the ALJ

5  articulated specific and legitimate reasons for rejecting Dr. Zugec's opinion that

6  are supported by substantial evidence.

7  **Dr. Arnold**

8      Plaintiff contends that the ALJ did not give appropriate weight to the

9  opinion of Dr. Arnold.  First, the ALJ noted that Dr. Arnold's opinion was based in

10  large part upon Plaintiff's self-reporting.  Tr. 31.  The ALJ did not find Plaintiff's

11  claimed limitations credible "as the medical record suggests that his main goal is

12  not to function better but to obtain disability benefits."  Tr. 29, 30.  The ALJ could,

13  and did, properly reject Dr. Arnold's opinion as it was "based to a large extent on a

14  claimant's self-reports that have been properly discounted as incredible."

15  *Tommasetti*, 533 F.3d at 1041.  The ALJ also observed that Dr. Arnold's opinion

16  was contradicted by the opinions of Dr. Mabee, Dr. Cools, Dr. Fitterer, and Dr.

17  Bailey, and by the medical record as a whole.  The ALJ gave these specific and

18  legitimate reasons for rejecting Dr. Arnold's opinion, as well as others.  No error

19  has been shown.

20  *///*

1   **Dr. Mabee**

2          Plaintiff also contends that the ALJ did not directly address Dr. Mabee's

3   opinion of Plaintiff's work related limitations in the context of Plaintiff's RFC.

4   However, a review of the ALJ's decision shows that the ALJ did evaluate Dr.

5   Mabee's opinion with regard to Plaintiff's RFC.  Tr. 30–31.  In concluding that

6   Plaintiff "has residual functional capacity to perform light work," Tr. 27, the ALJ

7   considered and gave weight to Dr. Mabee's June 2010 opinion that Plaintiff

8   "should not experience difficulty meeting moderate cognitive demands in the

9   workplace" and that Plaintiff is capable of interacting with others unless he is in a

10  depressed state.  Tr. 30.  The ALJ also considered and gave weight to Dr. Mabee's

11  April 2010 opinion that Plaintiff could perform simple work-related tasks.  Tr. 31.

12  **B. Challenge to ALJ's RFC Finding**

13          In essence, Plaintiff's central contention is that the ALJ failed to account for

14  all of his physical and mental limitations in the RFC evaluation.  The

15  Commissioner's regulations require an ALJ to consider all of a claimant's

16  medically determinable impairments—both severe and non-severe—in fashioning

17  an RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see also* SSR 96-8p ("In

18  assessing RFC, the adjudicator must consider limitations and restrictions imposed

19  by all of an individual's impairments.").

20  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    Plaintiff contends the ALJ failed to take into account the opinions of Dr.

2    Arnold and Dr. Mabee that Plaintiff had moderate limitations to his ability to

3    maintain appropriate behavior at work.  As discussed, *supra*, the Court concludes

4    that the ALJ did properly consider these opinions.  However, Plaintiff also points

5    to the response given by a vocational expert ("VE") to a hypothetical posed by

6    Plaintiff's counsel at the administrative hearing.  Plaintiff's counsel asked the VE

7    whether a person with a number of moderate limitations, including a moderate

8    limitation to "the ability to maintain appropriate behavior in a work setting," would

9    be able to perform any work.  Tr. 83.  The VE responded that such a person

10   "would not be able to maintain competitive employment."  However, the ALJ was

11   not required to accept the premise upon which this particular hypothetical was

12   based—that Plaintiff suffered from moderate limitations to his ability to maintain

13   appropriate behavior in a work setting—if it was not supported by substantial

14   evidence.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).  As

15   discussed above, the ALJ weighed the contradicting medical opinions on the

16   matter and concluded that Plaintiff's "allegations of mental limitation lack

17   credibility to the extent they are inconsistent" with the medical opinions and

18   evaluations reviewed by the ALJ that concluded Plaintiff was capable of

19   performing light work so long as he did not have to deal with the public.  Because

20   the ALJ did not err in concluding there was not substantial support for Plaintiff's

moderate limitations to appropriate workplace conduct, the ALJ did not err in rejecting the VE's response based upon that premise.

The ALJ's own hypothetical to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.  Tr. 80–81.  The VE responded that such a person could perform light work as either security guard or a housekeeper.  Tr. 82.  The VE's response to this hypothetical may be accepted by the ALJ so long as the hypothetical was "accurate, detailed, and supported by the medical record."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  This hypothetical included a detailed list of all the limitations supported by the medical record.  Thus, the ALJ did not error in considering the VE's response to this hypothetical.  As the foregoing indicates, the ALJ properly considered and weighed all the medical evidence in assessing Plaintiff's RFC, and, therefore, the ALJ's conclusion was not erroneous.[3]  Defendant is entitled to summary judgment.

---

[3] Plaintiff's final contention is that if he was limited to sedentary work, at his education level and with no transferable skills, he should be found disabled under the GRID rules.  *See* 20 C.F.R. 404, subpt. P, app. 2, tab 1.  However, Plaintiff was not found to be limited to sedentary work.  The ALJ concluded that Plaintiff's limitations allowed him to perform light work.  As such, the GRID rules, as used by Plaintiff here, would not apply, and the Court need not reach this contention.

1  **IT IS HEREBY ORDERED:**

2     1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**

3     2. Defendant's Motion for Summary Judgment (ECF No. 19) is

4       **GRANTED**.

5     The District Court Executive is hereby directed to file this Order, enter

6  **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

7     **DATED** September 16, 2014.



THOMAS O. RICE
United States District Judge